UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JASON ROSS,

    Plaintiff,

v.                                                                                                       CASE NO: 8:06-cv-887-T-26EAJ

SAM'S EAST, INC., d/b/a SAM'S CLUB
and MICHAEL GOODRICH,

    Defendants.
                                                    /


**O R D E R**

      Before the Court are the following: (1) Plaintiff's Motion to Remand and Memorandum of Law in Support Thereof and (2) Defendant Sam's East, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Remand. After due and careful consideration of the parties' submissions, together with the record in this case, the Court is of the opinion that the motion is due to be granted and this case is due to be remanded to state court on the basis of lack of subject matter jurisdiction.

      Despite Defendant's exhaustive dissertation questioning the motives, merits, and timing of Plaintiff's amended complaint, the Court need only resolve two simple issues: (1) did complete diversity of the parties exist at the time of removal and (2) did Plaintiff fraudulently join a nondiverse party to defeat diversity. The Court concludes that both questions must be answered in the negative.

Plaintiff, a citizen of the State of Florida, filed an amended complaint in state court on May 11, 2006, at 8:07 a.m., in which he added a party defendant who is also a citizen of the State of Florida.[1] Defendant Sam's East formally filed its notice of removal with regard to the original complaint later that same day in this Court, or after the amended complaint had been filed in state court. Consequently, the operative complaint for purposes of determining jurisdiction in this case at time of removal is the amended complaint. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint.") (citation omitted).

Having reviewed the amended complaint, and being cognizant of the fact that subject matter jurisdiction based on diversity must be determined at the time of removal, see Poore v. American-Amicable Life Insurance Co. Of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000), the Court is convinced that diversity jurisdiction was wholly lacking between Plaintiff and the newly added Defendant at the time the notice of removal was filed. Without complete diversity of citizenship, this Court simply does not possess subject matter jurisdiction. See MacGinnitie v. Hobbs Group, LLC., 420 F.3d 1234, 1239 (11th Cir. 2005) (observing that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.") (citations omitted).

---

[1] Because Defendant Sam's East had not filed a responsive pleading to the original complaint, Plaintiff was entitled to file an amended complaint "as a matter of course" pursuant to Rule 1.190(a), Florida Rules of Civil Procedure..

The central issue now becomes whether Plaintiff fraudulently joined the new Defendant in order to defeat diversity jurisdiction, as Defendant Sam's East now contends. As the Eleventh Circuit has noted, "[i]f there is *even a possibility* that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1443, 1440-41 (11th Cir. 1983) (emphasis added); accord Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In this case, the Court finds it significant that Defendant Sam's East did not question by way of a motion to dismiss for failure to state a claim the allegations of the original complaint, the exact same allegations of which comprise the amended complaint against the resident Defendant.[2] In light of this contradictory legal position, the argument that Plaintiff fails to state a claim on which relief can be granted against the resident Defendant in the amended complaint lacks merit.[3]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

---

[2] Although Defendant Sam's East did raise failure to state a claim as its first affirmative defense, it nevertheless waived its right of asserting by motion that the original complaint failed to state a claim for relief. See Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 971 n.6 (11th Cir. 2002) (noting that "by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").

[3] It may come to pass based on a fully developed record that Plaintiff may ultimately not prevail on his claim. See Vance v. Southern Bell Tel. And Tel. Co., 983 F. 2d 1573, 1575 n.7 (11th Cir. 1993) (affirming district court's order directing a verdict after plaintiff presented her case at trial). Such a decision, however, will have to be made by the state court judge after remand.

1) Plaintiff's Motion to Remand (Dkt. 6) is granted because the Court lacks subject matter jurisdiction.

2) The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit of Hillsborough County, Florida.

3) The Clerk is directed to close this case after remand has been effected.

**DONE AND ORDERED** at Tampa, Florida, on June 12, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record